FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JAN 22 AM 9: 59

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMAAL BERNARD LAMONT SEYMOUR,

    Plaintiff,

v.

"JOHN DOE" TELFORD, Correctional
Officer; CALVIN MORTON, Warden;
"JACOB DOE" SMITH, Deputy Warden;
DANNY BENNETT, and CORNELL
CORRECTIONS INCORPORATED,

    Defendants.

CIVIL ACTION NO.: CV506-074

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which a Motion for Reconsideration has been filed. Plaintiff wishes for the Court to reconsider the Magistrate Judge's Report in light of Plaintiff's motions to file an amended and supplemental Complaint. Based on the undersigned's dispositions of Plaintiff's Motion to File an Amended Complaint and Motion to File Supplemental Complaint, Plaintiff's Motion for Reconsideration (Doc. No. 16) is **DISMISSED** as moot. Plaintiff's claims against Defendants Morton, Bennett, Smith, and Cornell Corrections Incorporated are **DISMISSED**.

In Plaintiff's Motion to File an Amended Complaint, Plaintiff reasserts his claims against Defendant Telford, whom the Magistrate Judge directed service upon by Order dated October 23, 2006. Plaintiff also asserts that Defendants Morton, Bennett, Smith, and Cornell Corrections Incorporated should be held responsible for Defendant Telford's actions because

AO 72A
(Rev. 8/82)

these Defendants had prior knowledge of incidents involving injuries caused by the feeding slots and door jams in the segregation unit of the prison. Plaintiff wishes to hold Defendants Morton, Bennett, Smith, and Cornell Corrections Incorporated liable based on their supervisory positions. Plaintiff has not set forth facts sufficient to establish that these Defendants should be vicariously liable for the actions of Defendant Telford. Based on Plaintiff's allegations, it was not the alleged unsafe conditions in the prison which caused his injuries; rather, it was Defendant Telford's actions which Plaintiff alleges caused his injuries. Plaintiff's Motion to File an Amended Complaint (Doc. No. 14) is **GRANTED**, in part. Plaintiff may amend his Complaint as to his claims against Defendant Telford. The remaining portion of Plaintiff's Motion is **DENIED**.

In his Motion to File Supplemental Complaint, Plaintiff has changed the monetary amount of damages he seeks to recover from Defendant Telford. This portion of Plaintiff's Motion to File Supplemental Complaint (Doc. No. 15) is **GRANTED**. Plaintiff also seeks injunctive relief as part of this Motion. The Eleventh Circuit has held that an injunction may be issued when the movant has established the following: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction would inflict on the non-movant; and (4) the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003); Delta Airlines v. Airline Pilots Ass'n, Int'l, 238 F.3d 1300, 1308 n.18 (11th Cir. 2001). An injunction is an "extraordinary and drastic remedy." Four Seasons, 320 F.3d at 1210; All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989).

Thus, it is not granted unless the movant has met his burden of persuasion on each of the four prerequisites. <u>Four Seasons</u>, 320 F.3d at 1210; <u>All Care Nursing</u>, 887 F.2d at 1537. Plaintiff has failed to establish any of these four (4) prerequisites. The portion of Plaintiff's Motion to File Supplemental Complaint seeking injunctive relief is **DENIED**.

**SO ORDERED**, this 22nd day of January, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3

AO 72A
(Rev. 8/82)